UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.                                 **Case No. 8:18-cr-00119-JDW-JSS**

**ANDERSON CEVALLOS-CASTANEDA,**
    Defendant.
_____/

## SENTENCING MEMORANDUM

COMES NOW Defendant, **ANDERSON CEVALLOS-CASTANEDA**, by and through undersigned counsel, and hereby submits the following sentencing memorandum for consideration by the Court:

Pursuant to 18 U.S.C. §3553 and *U.S. v. Booker*, 125 S.Ct. 738 (2005), the Defendant requests the Court to depart from the Guidelines and sentence him to 60 months incarceration, based on the following factors:

I. **The nature and circumstances of the offense and the history and characteristics of the Defendant.**

The sum total of Defendant's involvement demonstrates that he was merely a mariner on the Ecuadorian GFV and even less responsible for the overall scheme when he met up with the Mexican GFV. (Of which on the Mexican GFV, two persons have completed this type of venture before). The Defendant never organized, directed, packaged, or prepared the packages of drugs during any of the events as alleged. The GFV was already loaded with contraband when the Defendant arrived for departure. The Defendant did not plan the activity, did not operate the boat, did not operate or possess any navigation equipment, did not receive, distribute or sell the drugs, nor did he receive a substantial percentage of the profits from the transaction. The Defendant received very little "up front" money prior to departure. The Defendant was slightly more than a passenger on either boat.

1

As stated in the Coast Guard reports, co-defendant Hernandez admitted to being the master of the Mexican vessel as it was boarded by the U.S. Coast Guard. Gonzabay admitted to being the Captain on the Ecuadorian vessel. The Defendant was simply an extra set of hands on either vessel, with no ability to direct or control any part of the venture. As such, he requests a reduction from the guidelines based upon the nature of his role in the offense. The Defendant took the job out of extreme poverty, and intended to use the money to pay off the debts of his mother. Admittedly, agreeing to commit a crime is not a smart decision, however a 21 year old son volunteering to take responsibility for the debts of his mother, when the father has died, is an honorable virtue. Arguably, given that the Defendant is only 21 years old, well placed judgment is not something that usually someone of that age is blessed with having at his disposal. While under the law the Defendant is not a juvenile, he is not very far removed from it:

> "(Y)outh is more than a chronological fact." *Eddings*, 455 U. S., at 115. It is a time of immaturity, ir-responsibility, impetuousness[,] and recklessness." *Johnson*, 509 U. S., at 368. It is a moment and "condition of life when a person may be most susceptible to influence and to psychological damage." *Eddings,* 455 U. S., at 115. And its "signature qualities" are all "transient." *Johnson*, 509 U. S., at 368. – *Miller v. Alabama*, No. 10–9646, slip op. at 13 (U.S. June 25, 2012).

The defendant has no prior history, rarely drinks alcohol and doesn't use illegal drugs at all. There is also no indication that the Defendant has done this before, and but for this one venture has led a rather nondescript life. The Defendant began working as a fisherman in 2010, when he was approximately thirteen (13) years old. At best, he would earn $180 dollars per week at that job. A sentence of 60 months is sufficient, but not greater than necessary for this Defendant.

2

## II. Comparison to previously sentenced Co-Defendant.

On August 16, 2018, co-defendant Henry Favio Gonzabay was sentenced to 84 months (7 years). From the reports completed by law enforcement, there were two defendants on an Ecuadorian boat (Castaneda and Gonzabay) who met up with three Mexicans on another boat. From those reports, it was learned that Gonzabay was the Captain and navigator of the Ecuadorian vessel. While the Defendant is not privy to the PSIR of Gonzabay, it can be assumed he received a captain/special skill enhancement. Logically, it should follow that Castaneda therefore receive a sentence lower that Gonzabay. As such, the Defendant re-iterates his request to be sentenced to 60 months.

## SENTENCING RECOMMENDATIONS

The Defendant wishes to participate in the UNICOR program to obtain vocational training allowing him to secure employment upon release. The Defendant also hopes to learn a trade and become fluent in the English language.

## CONCLUSION

The Defendant respectfully requests this Honorable Court to grant his request for a reduction based on the nature of the overall offense and his role in it. The Defendant contends that a sentence of 60 months is sufficient but not greater than necessary and provides sufficient deterrent for this Defendant to recidivate.

Respectfully submitted,

Law Offices of Charles M. Britt, III
1101 6th Avenue West
Bradenton, Florida 34205
O: (941) 747-4440
F: (941) 744-2873
CharlesBrittatty@aol.com

By: *s/ Charles M. Britt, III*
    Charles M. Britt, III, Esq.
    Florida Bar No. 0017944

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of August, 2018, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of Court, which will send a notice electronically to the Office of the Assistant United States Attorney.

By: *s/ Charles M. Britt, III*
Charles M. Britt, III, Es
Florida Bar No. 0017944

4